IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARLENE PHAN, individually, and on behalf of all others similarly situated,<br><br>                Plaintiff,<br>v.<br><br>LOCO FOOD, LLC, d/b/a FAT RICE, ADRIENNE LO, and ABE CONLON,<br><br>                Defendants. | Case No. 19-cv-4796 |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Darlene Phan ("Phan" or "Representative Plaintiff"), individually and on behalf of all other similarly situated employees, by and through her undersigned counsel, brings claims as a Collective Action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure and in accordance with the Illinois Minimum Wage Law, 820 ILCS 105/, *et seq*. ("IMWL"), against Loco Food, LLC d/b/a Fat Rice ("Fat Rice"), Adrienne Lo, and Abe Conlon (collectively "Defendants"), and alleges, upon personal belief as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

**NATURE OF THE ACTION**

1. Phan brings this action to redress Defendants' violations of the FLSA and the IMWL on behalf of herself and others who currently or formerly worked as hourly paid, non-exempt servers, server assistants, bartenders and hosts performing similar responsibilities for the Defendants in Illinois at any time during the three years immediately preceding the filing of this complaint.

**JURISDICTION AND VENUE**

2. This Court has subject-matter jurisdiction over this action under 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." The Representative Plaintiff has signed an opt-in consent form to join this lawsuit. *See* Exhibit A.

3. This Court has federal question jurisdiction over Representative Plaintiff's claims under 28 U.S.C § 1331 because Plaintiff's claims arise under the FLSA.

4. This Court has supplemental jurisdiction over Representative Plaintiff's IMWL claims under 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## THE PARTIES

4. Representative Plaintiff Darlene Phan is an adult citizen of the state of Illinois who resides in Cook County. At all relevant times, Phan worked as an hourly-paid, non-exempt server for Defendants at their restaurant located at 2957 West Diversey Avenue, Chicago, Illinois, during the applicable statute of limitations period.

5. Phan, like those she represents, was a "tipped employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e) and IMWL, 820 ILCS 105/3(d). The Representative Plaintiff and those she seeks to represent all shared similar job titles, training, compensation plans, job descriptions and job requirements, including the requirement that they participate in Defendants' tip pool.

6. Defendant Fat Rice is a limited liability company existing under the laws of the state of Illinois, with its principal place of business located in Chicago, Illinois. Fat Rice is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including this District.

At all times hereinafter mentioned, Defendant Fat Rice has been and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS 105/3(c).

7. Defendant Adrienne Lo is an owner and operator of Fat Rice. At all relevant times, Adriene Lo was involved in the day to day business operation of Fat Rice, and had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, employee compensation, employee timekeeping and capital expenditures. At all relevant times, Adrienne Lo acted and had responsibility to act on behalf of Fat Rice in devising, directing, implanting and supervising the wage and hour practices and policies relating to hourly-paid employees, including those challenged in this action. As such, at all times hereinafter mentioned, Defendant Adrienne Lo has been and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS 1-5/3(c).

8. Defendant Abe Conlon is an owner and operator of Fat Rice. At all relevant times, Abe Conlon was involved in the day to day business operation of Fat Rice, and had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, employee compensation, employee timekeeping and capital expenditures. At all relevant times, Abe Conlon acted and had responsibility to act on behalf of Fat Rice in devising, directing, implanting and supervising the wage and hour practices and policies relating to hourly-paid employees, including those challenged in this action. As such, at all times hereinafter mentioned, Defendant Abe Conlon has been and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS 1-5/3(c).

9. At all material times, Defendants were an "enterprise engaged in commerce" within the meaning of the FLSA. 29 U.S.C. § 203(s).

## FACTUAL BACKGROUND

10. The Representative Plaintiff and those she seeks to represent are current and former tipped employees of Defendants working as servers, server assistants, bartenders and hosts. Defendants paid these employees sub-minimum hourly wages under the tip-credit provisions of the FLSA and IMWL. These provisions permit employers of "tipped employees" to pay wages of less than the minimum wage, provided employers comply with all other requirements of the tip-credit provisions.

11. In addition to servers, server assistants, bartenders and hosts, Defendants categorize certain employees as "Flex" employees. Notwithstanding their classification, Defendants' "Flex" employees are managers who supervise, control and direct the work of Plaintiff and other servers, server assistants, bartenders and hosts, and oversee restaurant operations. Defendants' "Flex" employees schedule, evaluate and discipline servers, server assistants, bartenders and hosts, and make recommendations on their hiring and firing. "Flex" employees work as managers during "Flex" shifts, where they perform the managerial duties set forth above, and on occasion, also fill in for servers, server assistants, bartenders and hosts.

12. Defendants violated the tip credit provisions of the FLSA and IMWL by requiring their servers, server assistants, bartenders and hosts to participate in a mandatory, involuntary and invalid tip pool which was operated and controlled by management. Under Defendants' tip pool, servers, server assistants, bartenders and hosts are required to pool all cash and credited tips received into a tip pool. Management would then allocate these tips based on position and hours worked, and distribute tips to certain groups of employees, including "Flex" employees.

4

13. Defendants routinely distributed tips to "Flex" employees from the tip pool, notwithstanding that these employees were not "tipped employees" as defined by the FLSA and IMWL. In fact, most "Flex" employees performed managerial duties exclusively during "Flex" shifts, were the only manager on duty for the duration of these "Flex" shifts, and their primary responsibilities were the management of the staff and restaurant. Accordingly, they did not qualify as employees who customarily and regularly received tips.

14. As a result of Defendants' improper use of the tip credit provisions of the FLSA and IMWL, Defendants paid regular compensation to the Representative Plaintiff and the persons she represents based on an incorrectly low regular rate of pay.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. The FLSA allows employers to pay less than minimum wage to employees who receive tips. 29 U.S.C. § 203(m). In doing so, an employer may take a "tip credit", which allows employers to include an amount that an employee receives in tips into their calculation of tipped employees' wages. *Id*.

16. To apply a tip credit toward an employee's minimum wage under the FLSA, an employer must first satisfy several notice conditions, including informing its tipped employees of all of the following: (1) the employees' hourly wage; (2) the amount of credit that the employer will use towards its minimum wage obligation; (3) that the tip credit an employer uses cannot exceed the amount of tips employees actually receive; (4) that tipped employees are entitled to keep all of their tips, except when the employees participate in a tip pool that includes other customarily and regularly tipped employees, only; and (5) an employer cannot take a tip credit without informing each employee of the subsection's requirements. *Id.*; *see* 29 C.F.R. § 531.59(b).

17. Defendants violated the tip credit notice provisions of the FLSA by (1) failing to inform their tipped employees of their tip credit practices in adherence to the notice requirements under 29 U.S.C. § 203(m), and (2) failing to inform their tipped employees of these tip credit practices *before* taking a tip credit on their obligation to pay the minimum wage.

18. Defendants violated the FLSA by requiring their servers, servers assistants, bartenders and hosts to participate in an invalid tip pool, whereby all servers, server assistants, bartenders and hosts must pay all of their cash and credited tips to Defendants, who then distributed a portion of these tips to employees who do not customarily and regularly receive tips – namely, employees classified by Defendants as "Flex" employees.

19. Under Defendants' mandatory tip pool, Defendants distributed a portion of the total tips received by servers, server assistants, bartenders and hosts to employees they classified as "Flex" employees for purposes of the tip pool.

20. Plaintiff's participation in the tip pool was mandatory and imposed by Defendants as a condition of Plaintiff's employment.

21 The FLSA requires employers to pay minimum wages for all hours worked. 29 U.S.C. § 201, *et seq*.

22. As a result of Defendants improper use of the tip credit provisions of the FLSA, Defendants paid regular and overtime compensation to Plaintiff based on an incorrectly low regular rate of pay.

23. At all relevant times, Defendants' failure to pay wages at the correct rate of pay was willful.

24. Accordingly, Plaintiff brings this collective action to recover unpaid regular and overtime wages pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following collective:

> All individuals who are currently or formerly employed by one or more of the Defendants as servers, server assistants, bartenders or hosts in Illinois at any time

during the three years immediately preceding the filing of the original complaint (hereinafter "the FLSA Collective").

25. This action is properly maintainable as a collective action under 29 U.S.C. § 216(b) because:

> A. The similarly situated putative plaintiffs are known to Defendants, are readily identifiable, and may be located through Defendants' records. They may be readily notified of this action, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages.
>
> B. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Representative Plaintiff and members of the proposed collective.

## IMWL CLASS ACTION ALLEGATIONS

26. The IMWL allows employers to pay less than minimum wage to employees who receive tips. 820 ILCS 105/4(c). In doing so, an employer may take a "tip credit", which allows employers to include in their calculation of tipped employees' wages an amount that an employee receives in tips not to exceed 40% of the minimum wage. *Id.*

27. In order to apply a tip credit toward an employee's minimum wage under Illinois law, an employer must satisfy several conditions, including providing "substantial evidence that the amount claimed … was received by the employee in the period for which the claim of exemption is made, and no part thereof was returned to the employer." *Id.*

28. Defendants violated the IMWL by requiring their servers, server assistants, bartenders and hosts to participate in an invalid tip pool, whereby all employees working as servers, server

assistants, bartenders and hosts must pay all of their cash and credited tips to Defendants, who then distributed a portion of these tips to employees who did not customarily and regularly receive tips – namely, Defendants' "Flex" employees.

29. Under Defendants' mandatory tip pool, Defendants distributed a portion of the total tips received by servers, server assistants, bartenders and hosts to employees they classified as "Flex" employees for purposes of the tip pool.

30. Plaintiff's participation in the tip pool was mandatory and imposed by Defendants as a condition of Plaintiff's employment.

31. The IMWL requires employers to pay employees minimum wages for all hours worked. 820 ILCS 105/4, *et seq*. Section 105/12(a) provides that employers who violate the provisions of the IMWL are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 5% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief. 820 ILCS 105/12(a).

32. As a result of Defendants' improper use of the tip credit provisions of the IMWL, Defendants paid regular compensation to Plaintiffs based on an incorrectly low regular rate of pay.

33. Accordingly, Plaintiff brings her claims for relief individually and as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure. The IMWL class is defined as:

> All individuals who are currently or formerly employed by one or more of the Defendants as servers, server assistants, bartenders or hosts in Illinois at any time during the three years immediately preceding the filing of the original complaint (hereinafter "the IMWL Class").

34. This action is properly maintainable as a class action under Rules 23(a) and (b) because:

    A. The class is so numerous that joinder of all members is impracticable;

    B. There are questions of law or fact that are common to the class;

8

  C. The claims or defenses of the Representative Plaintiff are typical of the claims or defenses of the class; and,

  D. The Representative Plaintiff will fairly and adequately protect the interests of the class.

## Numerosity

35. On information and belief, the total number of putative class members represents over forty individuals. The exact number of class members may be determined from Defendants' payroll records.

## Commonality

36. There are numerous and substantial questions of law and fact common to members of the IMWL class including, but not limited to, the following:

  A. Whether Defendants properly notified their tipped employees of their tip credit practices;

  B. Whether Defendants required Plaintiff to participate in a tip pool in which her tips were distributed to employees, including those classified as "Flex" employees for purposes of the tip pool, who do not customarily and regularly receive tips;

  C. Whether Defendants distributed Plaintiff's tips to employees, including those classified as "Flex" employees for purposes of the tip pool, who do not customarily and regularly receive tips;

  D. Whether Defendants agreed not to distribute Plaintiff's tips to employees including those classified as "Flex" employees for purposes of the tip pool, who do not customarily and regularly receive tips;

  E. Whether Defendants took a "tip credit" in an amount no more than 40% of the minimum wage;

  F. Whether Defendants provide substantial evidence that no part of Plaintiff's tips was returned to Defendants;

  G. Whether Defendants failed to keep true and accurate records of the amount of tips received by Plaintiff;

  H. Whether Defendants failed to keep true and accurate records of how they distributed Plaintiff's tips; and,

    I.    Whether Plaintiff suffered damages and the proper measure of those damages.

37.    Plaintiff anticipates that Defendants will raise defenses that are common to the class.

38.    The damages suffered by the class members arise from the same nucleus of operative facts. Moreover, damages can be calculated by using a mathematical formula which applies to each class member.

### Adequacy

39.    The Representative Plaintiff will fairly and adequately protect the interests of the class. She has retained experienced counsel that is competent in the prosecution of complex litigation and who have extensive experience acting as class counsel specifically for wage and hour litigation.

### Typicality

40.    The claims asserted by the Representative Plaintiff are typical of the class members she seeks to represent. The Representative Plaintiff has the same interests and suffered from the same unlawful practices as the class members.

41.    Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

### Superiority

42.    A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a

single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Representative Plaintiff and the class members to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
**Collective Action For Unpaid Minimum Wages**

43. Plaintiff restates and incorporates all the above paragraphs by reference.

44. As a result of Defendants' improper use of the tip credit provisions of the FLSA, Defendants paid regular wages to Plaintiff based on an incorrectly low rate of pay.

45. At all relevant times, Defendants' failure to pay regular wages at the correct rate of pay was willful.

46. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages and other damages.

**COUNT II**
**VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW**
**29 U.S.C. § 207(a)(1)**
**Class Action For Unpaid Overtime Wages**

47. Plaintiff restates and incorporates all the above paragraphs by reference.

48. Plaintiff is a member of a class that meets the requirements for certification and maintenance of a class action pursuant to Rules 23(a) and (b).

49. Defendants violated the IMWL, 820 ILCS § 105, et seq., by regularly and repeatedly failing to properly pay regular compensation to Plaintiff.

50. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages and other damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Darlene Phan, individually and on behalf of all others similarly situated, by and through her undersigned counsel, respectfully demands judgement against the Defendants and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiff and the members of the class and collective action for the nature, extent and duration of their damages, the costs of this action, and as follows:

    A.    Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all tipped employees employed by Defendants who currently work or have worked for Defendants within the last three years under Count I;

    B.    Authorize Plaintiff's counsel to issue notice at the earliest possible time to all current and former tipped employees employed by the Defendants during the applicable statutory period, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit under Count I;

    C.    Certify a class under Count II;

    D.    Appoint Stephan Zouras, LLP as class counsel under Count II;

    E.    Declare and find that the Defendants committed one or more of the following acts:

        i.    Violated the Illinois Minimum Wage Law, 820 ILCS §105, *et seq.*;

        ii.    Willfully violated the Illinois Minimum Wage Law, 820 ILCS §105, *et seq.*;

        iii.    Violated the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*; and,

        iv.    Willfully the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*;

F. Award compensatory damages, including all regular pay owed, in an amount according to proof;

G. Award 5% per month interest (2% before February 19, 2019) on all regular and overtime compensation due accruing from the date such amounts were due until it is paid as required by the IMWL;

H. Award treble damages under the IMWL;

I. Award interest on all compensation due accruing from the date such amounts were due as required by the FLSA;

J. Award liquidated damages on all compensation due accruing from the date such amounts were due as required by the FLSA;

K. Award all costs and reasonable attorney's fees incurred prosecuting this claim;

L. Grant leave to amend to add claims under applicable state and federal laws;

M. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

N. For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Date: July 17, 2019

                                                                                                                         Respectfully Submitted,

                                                                                                                         */s/ James B. Zouras*
                                                                                                                         James B. Zouras
                                                                                                                         Ryan F. Stephan
                                                                                                                         Catherine T. Mitchell
                                                                                                                         **STEPHAN ZOURAS, LLP**
                                                                                                                         100 N. Riverside Plaza
                                                                                                                         Suite 2150
                                                                                                                         Chicago, Illinois 60606
                                                                                                                         312.233.1550
                                                                                                                         312.233.1560 *f*
                                                                                                                         jzouras@stephanzouras.com
                                                                                                                         rstephan@stephanzouras.com
                                                                                                                         cmitchell@stephanzouras.com

**CERTIFICATE OF SERVICE**

      I, the attorney, hereby certify that on July 17, 2019, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

                                                                               */s/ James B. Zouras*